■ The People of the State of New York, Respondent, v Michael Ramirez, Appellant. [635 NYS2d 479] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered April 20, 1993, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People*

*v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. While the defendant bases his arguments largely on the credibility of the eyewitness to the crime, it is well settled that issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenges to the prosecutor's summation are either unpreserved for appellate review or do not warrant reversal.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.